## RE APPLICATION OF ONEIDA COMMUNITY.

---

TRADEMARKS; REVIVING PATENT MONOPOLY; FUNCTIONAL DEVICE.

1. A trademark will not be registered where registration would revive a monopoly heretofore held under a patent now expired. (Following *Edna Smelting & Ref. Co.* v. *Nathan Mfg. Co.* 30 App. D. C. 487.)

2. A circular or O-shaped film having distinct edges, on the back of a spoon bowl, being functional, in that it prevents wear of the contact point, is not subject to registration as a trademark. (Following *Herz* v. *Loewenstein,* 40 App. D. C. 277.)

No. 868. Patent Appeals. Submitted November 13, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents refusing registration of a trademark.     *Affirmed.*

The facts are stated in the opinion.

*Mr. Harry L. Duncan* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents refusing to register, as a trademark for spoons, a "circular or O-shaped film having distinct edges, on the back of the spoon bowl."

Obviously, as ruled by the Patent Office, this is an attempt, under the guise of trademark registration, to obtain a monopoly of a functional feature of an article of manufacture. The patent to Blackman, No. 70,156, dated October 29, 1867, long since expired, covered a means to prevent the wearing off of the precious metal from the contact points of a spoon by placing thereon an extra film of precious metal. In other words, there is no substantial difference between the "extra film of precious metal" placed on the back of the spoon at the point of contact by Blackman, and the "substantially circular or O-shaped film" on the back of appellant's spoon. A monopoly may not be revived in this way. *Edna Smelting & Ref. Co.* v. *Nathan Mfg. Co.* 30 App. D. C. 487; *Singer Mfg. Co.* v. *June Mfg. Co.* 163 U. S. 169, 41 L. ed. 118, 16 Sup. Ct. Rep. 1002. Regardless of the patent to Blackman, this alleged trademark should not be registered, for clearly no functional feature of a device is a proper subject for trademark registration. *Herz* v. *Loewenstein,* 40 App. D. C. 277. Decision affirmed.

*Affirmed.*